UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JAHREME JOEFIELD, on behalf of himself
and all others similarly situated,

                    Plaintiff,

  -against-

SEKO WORLDWIDE LLC, d/b/a SEKO LOGISTICS,

                    Defendant.
-------------------------------------------------------------------x

Case No. 1:22-cv-06822

**CLASS COMPLAINT
AND JURY DEMAND**

Plaintiff Jahreme Joefield ("Joefield" or "Plaintiff"), by and through his attorneys, Menken Simpson & Rozger LLP, complains of his employer SEKO Worldwide LLC, d/b/a SEKO Logistics ("SEKO," "Defendant," or "the company"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of himself and a class of similarly situated individuals ("Class Members") to redress the systematic failure of SEKO Worldwide LLC, an international "supply chain solutions" company specializing in transportation, logistics, forwarding, and warehousing, to pay its employees the proper minimum, overtime and spread-of-hour wages in compliance with the New York Labor Law ("N.Y.L.L."), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

2. Defendant SEKO also violated the N.Y.L.L., Article 6, §§ 190 *et seq.*, by failing to provide Plaintiff and Class Members with legally sufficient written wage statements.

3. In addition to compensatory damages, Plaintiff seeks attorneys' fees, costs, prejudgment interest, liquidated damages, and injunctive and declaratory relief on behalf of himself and the Class.

1

## JURISDICTION AND VENUE

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred in Queens County, New York.

## PARTIES

6. Plaintiff Jahreme Joefield is an adult individual residing in Queens County, New York.

7. Defendant SEKO Worldwide LLC, d/b/a SEKO Logistics, is a limited liability company organized under the laws of Delaware with its headquarters in Illinois. On information and belief, its members are not citizens of the State of New York.

8. At all times relevant to this Complaint, SEKO was Mr. Joefield's employer under the N.Y.L.L. and conducted its business out of locations at 150-15 183rd St., Springfield Gardens, NY 11413; 18454 149th Ave., Springfield Gardens, NY 11413; and 210 E Sunrise Hwy, Valley Stream, NY 11581.

## CLASS ALLEGATIONS

9. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all nonexempt hourly employees of Defendant who worked in Defendant's warehouses in New York State and did not receive statutorily required minimum wages, overtime pay, and spread-of-hours wages from November 8, 2016, until such time as Defendant ceases its unlawful acts (the "Class Period").

10. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiff, and calculation of such number would require facts in the sole control of Defendant, upon information and belief, Defendants employ at least 40 such persons.

11. Plaintiff's claims are typical of the claims of the class.

12. Plaintiff will fairly and adequately protect the interests of the class.

13. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. The members of the class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members may not be *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

14. Defendant has acted on grounds generally applicable to the class, thereby making declaratory relief appropriate for the class, to wit, by failing to pay minimum, overtime, and spread-of-hours wages as required by the New York Labor Law.

15. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including, *inter alia:*

    a. Whether Plaintiff and the Class are employees subject to the New York Labor Law's Motor Carrier Exemption, adopted from the Fair Labor Standards Act pursuant to 12 N.Y.C.R.R. § 142-2.2;

    b. Whether Defendant failed to provide Plaintiff and the Class legally sufficient wage statement notices as required by N.Y.L.L. § 195(3);

    c. Whether Defendant kept accurate time and pay records for Plaintiff and the Class as required by N.Y.L.L. § 195(4);

    d. Whether Defendant failed to pay Plaintiff and the Class at the applicable minimum wage rate pursuant to N.Y.L.L. § 652;

    e. Whether Defendant failed to pay Plaintiff and the Class spread-of-hours wages pursuant to 12 N.Y.C.R.R. § 142-3.4; and

    f. Whether Defendant failed to pay Plaintiff and the Class overtime wages at a rate of one and one-half times their regular rate of pay, or, in the alternative, one and one half times the minimum wage rate, within the meaning of the New York Labor Law Article 12 and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R.§ 142-2.2.

## STATEMENT OF FACTS

16. Plaintiff has worked as a forklift operator at 150-15 183rd Street, Springfield Gardens, NY 11413, since December 2016.

17. Between December 2016 and May 2020, he was employed by Air-City, Inc. ("Air-City").

18. In January 2020, SEKO acquired Air-City and soon thereafter began operating out of the warehouse at 150-15 183rd Street.

19. In or around May 2020, Plaintiff ceased working for Air-City and became an employee of SEKO.

20. On information and belief, Plaintiff's manager, Henry Fung, a former Air-City employee, also became a SEKO employee around this time.

21. Plaintiff's direct supervisor, Kareem White, is also a SEKO employee and is responsible for overseeing all warehouse employees.

22. As a forklift operator, Plaintiff's job duties include sorting boxes, placing the boxes on pallets, wrapping the boxes in clear wrap, and safely operating a forklift to load and unload the boxes on and off of trucks.

23. Plaintiff works alongside 25-30 other warehouse employees, 3 of whom are also forklift operators. The rest are responsible for, *inter alia*, breaking down and handling freight.

24. The vast majority of these employees, including Plaintiff, are paid by SEKO "off the books" and in cash.

25. Between May 2020 and February 2021, Plaintiff earned $14 per hour, less than the minimum wage of $15 per hour.

26. On information and belief, Class Members were paid at the same rate as Plaintiff in 2020.

27. In February 2021, Plaintiff's hourly rate increased to $15 per hour in compliance with local law.

28. Plaintiff and the Class have rarely, if ever, received legally sufficient wage statement notices as required by N.Y.L.L. § 195(3).

29. Plaintiff and Class Members regularly work more than 40 hours in a week.

30. Monday through Friday, Plaintiff typically punches in between 11:00 a.m. and 12:00 p.m. Depending on how much work he must complete, he punches out between 7:00 p.m. and 11:30 p.m.

31. On Saturdays, Plaintiff typically punches in at around 7:00 a.m. and punches out at around 7:00 or 7:30 p.m.

32. Plaintiff almost never takes lunch breaks due to the volume of work he must complete.

33. In or around August 2022, SEKO began deducting an hour for lunch from Plaintiff's daily pay despite the fact that he rarely takes lunch breaks and his managers know that he rarely takes lunch breaks.

34. On average, Plaintiff works between 50-80 hours per week.

35. During peak season, which lasts from September to January, Plaintiff regularly works from approximately 7:00 a.m. to 8:00 or 9:00 p.m., seven days a week.

36. Plaintiff is required to work on all major holidays.

37. Defendant pays Plaintiff and all "off the books" Class Members at their regular hourly rate ("straight time") in cash for all hours worked, regardless of overtime hours.

38. Between December 14, 2020, and December 20, 2020, for example, Plaintiff worked at least 63 hours and was paid approximately $882 ($14 per hour), instead of the $1,117.50 to which he was entitled.

39. Between March 8, 2021, and March 14, 2021, Plaintiff worked at least 74 hours and was paid approximately $1,110 ($15 per hour), instead of the $1,365 to which he was entitled.

40. Between September 12, 2022, and September 17, 2022, Plaintiff worked at least 80 hours and was paid approximately $1,208 ($15 per hour) instead of the $1,500 to which he was entitled.

6

41. Defendant does not and has never paid Plaintiff or Class Members spread-of-hours wages.

## FIRST CAUSE OF ACTION
### New York Labor Law - Failure to Pay Minimum Wages

42. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

43. Defendant has engaged in a widespread pattern and practice of violating the N.Y.L.L., as detailed in this Complaint.

44. Defendant violated the rights of Plaintiff and Class Members by failing to pay them the applicable minimum wage rate of $15 per hour, in violation of the N.Y.L.L. § 652.

45. Defendant is liable to Plaintiff and Class Members for their unpaid wages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to the New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law - Failure to Pay Overtime Premiums

46. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

47. 12 N.Y.C.R.R. § 142-2.2 requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

48. At all times relevant to this action, Defendant failed to pay Plaintiff and other Class Members overtime wages of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

49. In the alternative, Defendant failed to pay overtime at the rate of one and one-half times the New York State minimum wage rate for each hour worked in excess of 40 hours per week.

50. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

51. Due to Defendant's New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and other compensatory and equitable relief pursuant to New York Labor Law Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.*

## **THIRD CAUSE OF ACTION**
**New York Labor Law - Failure to Pay Spread-of-Hours Wages**

52. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

53. At all times relevant to this action, Defendant failed to pay Plaintiff and the Class Members the "spread of hours" premium required by 12 N.Y.C.R.R. § 142-2.4.

54. Defendant willfully violated the rights of Plaintiff and the Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor Law.

55. Due to Defendant's New York Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid spread-of-hours premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and

other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.,* and Article 19 §§ 650 *et seq.*

## FOURTH CAUSE OF ACTION
**New York Labor Law - Failure to Provide Wage Statements**

56. Plaintiff repeats and realleges all of the above allegations as though fully set forth herein.

57. Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

58. Defendant knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements laid out in ¶ 57.

59. N.Y.L.L. § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damages of $250 for each workday that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with reasonable costs and attorney's fees as well as appropriate injunctive and/or declaratory relief).

60. During the course of Plaintiff and Class Members' employment, Defendant consistently and willfully failed to provide them with adequate wage statements as required by New York law.

61. Defendant is therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate under NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a. Unpaid wages, attorneys' fees, costs, and interest pursuant to New York Labor Law Article 6 § 198(1-a);

b. Statutory damages pursuant to NYLL § 198(1-d);

c. If this case is not certified as a class action, liquidated damages pursuant to New York Labor Law Article 6 § 198(1-a);

d. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

e. Designation of Plaintiff Jahreme Joefield as representatives of the Class, and counsel of record as Class Counsel;

f. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the New York State Labor Law;

g. An injunction enjoining Defendant's unlawful conduct; and

h. Such additional and further relief as the Court finds just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: November 8, 2022
    New York, New York

                               MENKEN SIMPSON & ROZGER LLP

                               *s/ Scott Simpson*
                               *s/ Raya F. Saksouk*
                               80 Pine St., 33rd Fl.
                               New York, NY 10005
                               Tel.: 212-509-1616
                               Fax: 212-509-8088
                               ssimpson@nyemployeelaw.com
                               rsaksouk@nyemployeelaw.com

                               *Attorneys for Plaintiff*
                               *and the Proposed Class*