UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JAHREME JOEFIELD, EARL WILLIAMS, DUKE
SCATCLIFFE, and HASHEEM SCATCLIFFE, *on
behalf of themselves and all others similarly situated*,

                Plaintiffs,                                22 CV 6822 (LB)
    -against-

SEKO WORLDWIDE LLC, *d/b/a SEKO LOGISTICS*,

                Defendant.
-----------------------------------------------------------------X
SHAVOUY PAISLEY and KYLE JEMMOTT, *on
behalf of themselves and all others similarly situated*,

                Plaintiffs,                                22 CV 4301 (LB)
    -against-

SEKO WORLDWIDE LLC, *d/b/a SEKO WORLDWIDE*,

                Defendant.
-----------------------------------------------------------------X

**ORDER AND FINAL JUDGMENT: (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE; (2) GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; AND (3) ENTERING FINAL JUDGMENT DISMISSING THIS CONSOLIDATED ACTION WITH PREJUDICE**

**BLOOM, United States Magistrate Judge:**

These cases were consolidated pursuant to Fed. R. Civ. P. 42(a), ECF Order dated July 10, 2024,[1] and the parties have consented to Magistrate Judge jurisdiction. ECF No. 60; 22-CV-4301, ECF No. 46. On November 26, 2024, the parties executed a Settlement Agreement and Release. ECF No. 83-1 ("Settlement Agreement"). On December 13, 2024, the Court granted plaintiffs' motion for preliminary approval of the class and collective action settlement, ECF No. 70, subject to the parties' proposed modifications at ECF Nos. 75 and 77. ECF No. 78 (the "Preliminary Approval Order"). The Preliminary Approval Order (i) preliminarily approved the settlement; (ii)

---

[1] All ECF citations refer to 22-CV-6822 unless otherwise noted.

preliminarily found that this consolidated action should proceed as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and certified a Rule 23 Class; (iii) conditionally certified a FLSA Collective pursuant to 29 U.S.C. § 216(b); (iv) appointed Menken Simpson & Rozger LLP as class counsel; (v) appointed Simpluris as settlement administrator; (vi) approved the form and manner of notice to the Rule 23 Class and FLSA Collective; and (vii) scheduled a Fairness Hearing to consider final approval of the settlement. Id. Notice of the Settlement Agreement and Fairness Hearing was provided to the class and collective in accordance with the Settlement Agreement and the Preliminary Approval Order. See Romo Decl., ECF No. 87 ¶¶ 4-18.

Plaintiffs now move, with defendant's consent, for final approval of the class and collective action settlement, named plaintiffs' service awards, attorney's fees and expenses, and settlement administrative costs. ECF No. 82 ("Motion for Final Approval"). The Court held a Fairness Hearing on April 8, 2025 at 10:00 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York to determine whether the settlement was fair, reasonable, and adequate, and to consider class counsel's application for named plaintiffs' service awards and for attorney's fees and expenses. The Court also reviewed the affidavits and exhibits submitted in support of plaintiffs' motion. ECF Nos. 83-87. For reasons set forth below and on the record at the Fairness Hearing, the Court certifies the Rule 23 Class and FLSA Collective and grants plaintiffs' Motion for Final Approval.[2]

IT IS HEREBY ORDERED AND ADJUDGED as follows:

## I. Certification of Class and FLSA Collective

1. This Court has jurisdiction over the subject matter of the litigation, named plaintiffs, all members of the Rule 23 Class and FLSA Collective (collectively, "Class and Collective members"), and defendant.

---

[2] The findings and rulings in this Order are made solely for the purpose of approving the settlement in this case.

2.  On a motion for final approval of a class settlement, the Court "must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 251 (2d Cir. 2011) (citation omitted). "[P]laintiffs have the burden of establishing compliance with each of the requirements of Rule 23 . . . ." Chen v. XpresSpa at Terminal 4 JFK LLC, No. 15-CV-1347 (CLP), 2021 WL 4487835, at *3 (E.D.N.Y. Oct. 1, 2021). However, "in analyzing the issue of certification, the court accepts as true the allegations in the complaint regarding the merits of the claim." Id.

3.  Pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), and for the purpose of settlement only, the Court certifies this consolidated action as a class action on behalf of the following Rule 23 Class:

> All individuals who were employed by Defendant as warehouse workers who performed work loading and unloading trucks, or loading and unloading freight in the warehouse, or breaking down and arranging shipments, and who worked at a warehouse located at 150-15 183rd Street, 147-04 183rd St., or 18454 149th Avenue in Queens, New York, at any time between January 1, 2020 and December 31, 2022.[3]

4.  For reasons discussed at the Fairness Hearing, with respect to the Rule 23 Class, the Court finds pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) that:

    a.  the class is so numerous that joinder of all members is impracticable;

    b.  there are questions of law or fact common to the class;

    c.  the named plaintiffs' claims are typical of the claims of the class;

    d.  the representative parties will fairly and adequately protect the interests of the class;

---

[3] The Settlement Agreement defines the proposed class as "all individuals who were employed by Defendant as warehouse workers who performed work *such as* loading and unloading trucks, loading and unloading freight in the warehouse, breaking down and arranging shipments, and worked at" the relevant warehouses during the relevant time. Settlement Agreement, ECF No. 83-1 § 1.8 (emphasis added). However, the parties modified the proposed class definition in the revised Notice to Class Members. ECF No. 77-1 at 2.

3

  e. questions of law and fact common to class members predominate over any questions affecting only individual class members; and

  f. a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

  5. No members of the Rule 23 Class requested to opt out of the settlement. ECF No. 89; see Preliminary Approval Order ¶ 38(d) (setting postmark deadline of February 21, 2025 for filing opt-out statement). Accordingly, all individuals who meet the Class definition above are Participating Class Members as defined in the Settlement Agreement § 1.29.[4]

  6. Pursuant to 29 U.S.C. § 216(b), and for settlement purposes only, the Court finds that defendant's current or former employees who meet the following FLSA Collective definition are similarly situated to the named plaintiffs:

> All individuals who were employed by Defendant as warehouse workers who performed work loading and unloading trucks, or loading and unloading freight in the warehouse, or breaking down and arranging shipments, and who worked at a warehouse located at 150-15 183rd Street, 147-04 183rd St., or 18454 149th Avenue in Queens, New York, at any time between January 1, 2020 and December 31, 2022.

Only individuals who timely filed a FLSA Opt-In Consent Form are members of the FLSA Collective. Settlement Agreement, ECF No. 83-1 § 1.30. Accordingly, the Court grants final certification to the individuals who meet the FLSA Collective definition above and filed Opt-In forms. The FLSA Collective is comprised of seventy-four (74) members: the seventy-three (73) individuals listed in ECF No. 90-1 and Antoine Manso. See ECF No.

---

[4] Defendant provided Simpluris with a list of 275 individuals who meet the Class definition. Romo Decl., ECF No. 87 ¶ 6.

89 (opt-in forms for 71 Collective members);[5] ECF No. 90 (opt-in forms for Alex Bonner and Reginald Mathis); ECF No. 91 (opt-in form for Antoine Manso).[6]

## II. Notice to Class

1. Based on the evidence and affidavits submitted with the Motion for Final Approval, as well as the parties' representations at the Fairness Hearing, the Court finds that the Notice (ECF No. 87-1), dissemination of the Notice, and all other aspects of the notice, opt-out, and objection procedures carried out by class counsel and settlement administrator Simpluris satisfy Fed. R. Civ. P. 23(c)(2)(B) and the requirements of due process; were the best practicable under the circumstances; and support the Court's exercise of jurisdiction over the Class and Collective members. The Court finds that the Notice fairly and adequately advised Class and Collective members of the nature of the action, a description of the Class and Collective, the Class and Collective members' right to exclude themselves from the settlement, and the right of all Class and Collective members to object to the settlement, to be represented by counsel, and to appear at the Fairness Hearing.

2. The Notice was disseminated to Class and Collective members in accordance with the Settlement Agreement and the Court's Preliminary Approval Order. Class counsel, named plaintiffs, and defendant SEKO made reasonable efforts to obtain contact information for Class Members and send individualized notice to them. Individualized notice was sent to 168 of the 275 members of the Rule 23 Class. Romo Decl., ECF No. 87 ¶ 13. These were the only "members who

---

[5] Many of these forms contain only the Collective member's name. However, class counsel explains that these forms were individually sent via email or text message to Collective members, who completed them digitally. Trans., ECF No. 93 at 11-12. "Because the forms were going to be publicly filed, Simpluris digitally re-generated the forms in order to 'redact' (or omit) the opt-ins' personal information," but "all contact information was in fact provided by the FLSA opt-ins on their original Consent Forms." ECF No. 92.

[6] The Court set April 1, 2025 as the postmark deadline for FLSA Opt-In Consent Forms. Preliminary Approval Order ¶ 38(k). Mr. Bonner, Mr. Mathis, and Mr. Manso filed opt-in forms on March 31, 2025, April 7, 2025, and April 8, 2025, respectively. ECF Nos. 90, 91. SEKO consents to deeming Mathis and Manso's forms timely filed. ECF Nos. 90, 92. As Mathis and Manso filed opt-in forms before this Final Approval Order was entered, the Court accepts Mathis and Manso's filings and deems them part of the FLSA Collective. No opt-in forms shall be accepted after entry of this Final Approval Order.

[could] be identified through reasonable effort."[7] Fed. R. Civ. P. 23(c)(2)(B); see Simpson Decl., ECF No. 83 ¶¶ 43-44; Gonzalez Decl., ECF No. 85 ¶¶ 18-20; Romo Decl., ECF No. 87 ¶¶ 6-10. Furthermore, "for due process to be satisfied, not every class member need receive actual notice," if, as here, "class counsel acted reasonably in selecting means likely to inform persons affected." In re Adelphia Communications Corp. Sec. Litig., 271 Fed. App'x. 41, 44 (2d Cir. 2008) (quotations omitted). Finally, the Court finds that the Notice Posters at the SEKO warehouse were the best form of constructive notice practicable under the circumstances. See Simpson Decl., ECF No. 83 ¶¶ 39-40.

### III. Final Approval of Settlement

3. The Court finds and concludes that, with respect to the Rule 23 Class, the settlement meets the criteria for final approval set forth in Fed. R. Civ. P. 23(e)(2)[8] and City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974),[9] and the settlement is fair, reasonable, and adequate, and should be approved. See also Moses v. New York Times Co., 79 F.4th 235, 243 (2d Cir. 2023) (holding that courts cannot presume "that the proposed settlement was fair, reasonable, and adequate because it was reached in an arm's-length negotiation").

---

[7] As discussed at the Fairness Hearing, class counsel shall attempt to contact "the shelter where some class members may have been recruited to work at SEKO" to "continue its efforts to locate class members who may not have received notice of the settlement." ECF No. 92 at 1.

[8] Pursuant to Rule 23(e)(2)(C)(ii), the Court considers "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." The parties' proposed method for distributing relief to the class has a "reasonable, rational basis." Villa v. Highbury Concrete Inc., No. 17-CV-984 (PK), 2022 WL 19073649 at *4 (E.D.N.Y. Nov. 25, 2022) (citation omitted). As discussed at the Fairness Hearing, Simpluris will print checks for all 275 Class members. Simpluris will mail checks to all Class members for whom Simpluris has a mailing address and will keep the other checks. Class members for whom Simpluris has no address but who learn about the settlement may contact class counsel or Simpluris to obtain their check. Trans., ECF No. 93 at 22. "Class Counsel has compiled a standardized list of questions that will be asked of all individuals who, after Final Approval, claim to be part of the class and seek to redeem their share of the settlement." ECF No. 92. After 90 days, funds that have not been claimed will be redistributed to Class Members who cashed their checks within the 90-day period. Settlement Agreement § 2.9(C).

[9] With respect to Grinnell factor two, "the reaction of the class to the settlement," the class reacted positively to the settlement. No Class member opted-out of the settlement or objected to the settlement. Simpson Decl., ECF No. 83 ¶ 54. Of the 168 Class members who received individualized notice, 74 consented to join the FLSA Collective. ECF No. 91.

4.      The Court finds and concludes that, with respect to the FLSA Collective, the settlement meets the criteria for approval set forth in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) and Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and that it reflects a reasonable compromise over contested issues.

5.      Accordingly, the Court hereby approves the Settlement Agreement, the releases therein,[10] and all other terms in the Settlement Agreement as fair, just, reasonable, and adequate.

**IV.    Fees, Costs, and Service Awards**

6.      The Parties shall bear their own attorney's fees and costs, except as otherwise expressly provided in the Settlement Agreement and in this Judgment.

7.      Class counsel's request for Service Awards to the named plaintiffs is granted as fair and reasonable in light of the Settlement Agreement as a whole and plaintiffs' participation in this case.

8.      Class counsel's request for an award of fees and costs is granted. Considering the factors set forth in Goldberger v. Integrated Res., Inc., 209 F.3d 43 (2d Cir. 2000), class counsel's request for an attorney's fee award of one-third of the total settlement is fair and reasonable.[11] Accordingly, class counsel is hereby awarded $431,666.67 for plaintiffs' attorney's fees. The Court also approves class counsel's request for $11,288.17 in actual, reasonable litigation expenses. See ECF No. 86 ¶ 14, ECF No. 83-3 at 2 (affidavits and receipts for expenses). These amounts shall be paid to class counsel from the Settlement Fund in accordance with the terms of

---

[10] The Court previously approved the parties' proposed modified release language to be printed on Class Members' checks. ECF No. 75; Preliminary Approval Order at 16 n.8.

[11] The Court has cross-checked this request against a lodestar calculated by multiplying the actual hours expended by a reasonable hourly rate. Based on the hourly rates provided by class counsel and co-counsel Lina Stillman, plaintiffs' counsel's lodestar is $282,470.67. Simpson Decl., ECF No. 83 ¶ 105. The requested fee of $431,666.67 is about a 1.53 multiplier of the lodestar. Even if some of counsels' rates are higher than rates typically approved in this District, the requested fee amount is not unreasonable because courts in this Circuit approve awards with much higher multipliers. See Beckman v. Keybank, N.A., 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) (approving fee award in FLSA class/collective action with a multiplier of 6.3). Furthermore, as class counsel's obligation to the settlement class continues after final approval of the settlement, the lodestar will necessarily increase and the multiplier will therefore decrease.

the Settlement Agreement. Class counsel shall allocate this award of attorney's fees, costs, and expenses amongst and between class counsel and co-counsel Lina Stillman.

9.  The Court approves settlement administrator Simpluris's fee of $13,534.00 as fair and reasonable. See Romo Decl., ECF No. 87 ¶ 26. Class counsel does not anticipate that Simpluris's fee will increase. Trans., ECF No. 93 at 25:16-17. However, if Simpluris's fee increases, such fee shall be paid in accordance with Settlement Agreement §§ 1.41 and 1.37.

**V.   Conclusion**

10. The Settlement Agreement shall become effective thirty (30) days after this Final Approval Order is entered, if no party has sought appellate review; or, if a notice of appeal is filed, the latest of the following, if applicable, has occurred: (a) any appeal from the Final Approval Order has been finally dismissed; (b) the Final Approval Order has been affirmed on appeal in a form substantially identical to the form of the Final Approval Order entered by the Court; (c) the time to petition for review with respect to any appellate decision affirming the Final Approval Order has expired; and (d) if a petition for review of an appellate decision is filed, the petition has been denied or dismissed, or, if granted, has resulted in affirmance of the Final Approval Order in a form substantially identical to the form of this Final Approval Order. Settlement Agreement § 1.16 (defining "Effective Date").

11. Defendant shall fund the Settlement Amount to the settlement administrator Simpluris no later than seven (7) days after the Effective Date. Settlement Agreement § 3.1(A). The parties and settlement administrator Simpluris shall comply with the terms set forth in the Settlement Agreement, which are incorporated herein, and this Order.

12. Settlement administrator Simpluris shall (1) provide verification to class counsel and defendant's counsel that it has distributed the settlement checks, (2) retain copies of all of endorsed Settlement Checks with releases, and (3) provide defendant's counsel with the original

or copies of the endorsed Settlement Checks (both sides) in accordance with the Settlement Agreement § 2.8(C).

13. Upon the Effective Date, the releases of claims as set forth in the Settlement Agreement § 4.1 shall take effect.

14. For reasons discussed at the Fairness Hearing, the Court finds that the New York Legal Assistance Group ("NYLAG") "reasonably approximate[s] the interests of the class." In re Citigroup Secs. Litig., 199 F. Supp. 3d 845, 852 (S.D.N.Y. 2016). Accordingly, the Court approves NYLAG as the *cy pres* recipient, which shall receive unclaimed funds if less than $10,000.00 in funds remain unclaimed as set forth in the Settlement Agreement § 2.9(D).

15. Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and to make other non-material modifications in implementing the Settlement Agreement that are not inconsistent with this Order.

16. This consolidated action is dismissed on the merits with prejudice. This action is closed, but the Court retains jurisdiction over this action, to the extent necessary, to resolve disputes under the Settlement Agreement or to effectuate the terms of the Settlement Agreement. Nevertheless, this document is a final, appealable order and shall constitute a final judgment for purposes of Rules 54 and 58 of the Federal Rules of Civil Procedure.

SO ORDERED.

                                                /S/
                                    LOIS BLOOM
                                    United States Magistrate Judge

Dated: April 17, 2025
      Brooklyn, New York